

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA,

v.

ELISEO MORALES-TAPIA
a/k/a VICTORINO SAAVEDRA
MARTINEZ

No. 4:26-MJ- 210

## CRIMINAL COMPLAINT

I, Special Agent Katlyn Stinson, being duly sworn, do hereby depose and state the following is true and correct to the best of my knowledge and belief:

### INTRODUCTION AND AGENT BACKGROUND

1.     I am a Special Agent with the Federal Bureau of Investigation and have been since April 2022. I am currently assigned to the Dallas Division. Since joining the FBI, I have investigated violations of federal law, to include federal violations concerning Robberies, Kidnappings, Federal Firearms Violations, and Assaults on Federal Officers. I have gained experience through training, classes, and work conducting these types of investigations. Further, as a federal agent, I am authorized to investigate violations of the laws of the United States and to execute warrants issued under the authority of the United States.

2.     As a Special Agent with the FBI, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the

1

United States. I know that it is a violation of 18 U.S.C. § 1028 and 18 U.S.C. § 1028A, "Whoever, in a circumstance described in subsection (c) of this section- knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law", 18 U.S.C. § 1015(f), "Whoever knowingly makes any false statement or claim that he is a citizen of the United States in order to register to vote or to vote in any Federal, State, or local election", and 18 U.S.C. § 1542, "Whoever willfully and knowingly makes any false statement in an application for passport with intent to induce or secure the issuance of a passport under the authority of the United States, either for his own use or the use of another, contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws".

3.      The information contained in this affidavit is based upon my direct participation in this investigation and based upon facts related to me by other law enforcement officers and my review of records and information provided. This affidavit is being submitted for the limited purpose of establishing probable cause for the charged offense. As a result, I have not included each and every fact known to me concerning this investigation. This affidavit only includes the facts necessary to establish probable cause for the arrest of **Eliseo Morales-Tapia ("Tapia"), also known as Victorino Saavedr Martinez,** has engaged in aggravated identity theft, made false claims that he was a U.S. citizen to register to vote and voted, and gave false statements in the

application and use of a U.S. passport within the Fort Worth Division of the Northern District of Texas ("NDTX"), in violation of 18 U.S.C. § 1028(a), 18 U.S.C. § 1015(f), and 18 U.S.C. § 1542.

## PROBABLE CAUSE

4.    On July 24, 2025, Individual A called the FBI National Threat Operations Center to report he was the victim of identity theft. Individual A stated he had been the victim of identity theft for eight years. Individual A was incarcerated from 1999 to 2010. In 2008, Individual A received a letter from the IRS that said he was working. When he was released, he contacted the IRS to get it sorted out. The IRS said Individual A had been working and getting income tax, but Individual A was incarcerated during the time frame.

5.    Individual A has reported the identity theft to the FBI, the Federal Trade Commission, and the Social Security Administration. Individual A had been sick and was receiving disability payment. Social Security sent Individual A a letter and advised they had stopped payments because Individual A was working. Individual A discovered the person utilizing his identity was working in Texas. Individual A lives in Chicago, Illinois. The subject's true identity, not known to Individual A, is **Eliseo Morales-Tapia ("Tapia"), also known as Victorino Saavedr Martinez.**

6.    Individual A has a driver's license issued in Illinois. **Tapia** has a driver's license issued in Texas in Individual A's name. When comparing the two driver's license photographs, they do not appear to be the same person. Screenshots depicted below (the left is Individual A, the right is **Tapia**):

3



7.    Individual A's PII is being used in Texas. Individual A does not and has not lived in Texas. Upon further investigation into Individual A's PII being used in Texas, it was discovered that **Tapia** had applied for and received the following identifying documents in Individual A's name: a Texas ID card, a Texas driver's license ("DL"), a social security card, and a United States Passport.

8.    When **Tapia** applied for the Texas ID card in 2014, he provided Texas Department of Public Safety ("DPS") Individual A's birth certificate, which had the social security number ("SSN") written on the back. Individual A believes his ex-wife, who now lives in Mexico, provided **Tapia** his birth certificate. **Tapia** used the information on the birth certificate to fill out information necessary for the application, such as the Individual A's SSN, his father's last name, and his mother's maiden name. Other documents provided to DPS by **Tapia** with Individual A's name included: an energy bill, a Time Warner Cable bill, a W-2 with Individual A's SSN, a college ID card,

4

and a vehicle title. In the application **Tapia** checked "yes" for the boxes asking if he was a U.S. citizen and if he wanted to register to vote. Screenshot of Texas ID card photo below (image date 04/04/2014):



9.      When **Tapia** applied for a Texas DL in 2015, he provided DPS his Texas ID card, an energy bill, and a Time Warner Cable bill. Once again, **Tapia** checked the box for U.S. citizen. In October of 2025, **Tapia** updated the address for his Texas DL. He checked "yes" for the boxes asking if he was a U.S. citizen and if he wanted to register to vote. Among documents provided to DPS was a passport issued with Individual A's identifiers. Screenshot of Texas driver's license photo (below image date 02/10/2017):

5



10.    The Diplomatic Security Service ("DSS") had records of **Tapia**'s passport application in 2015 and the passport renewal in 2025, both utilizing Individual A's PII. Individual A advised he does not have a passport and has never had one. Using Individual A's PII, **Tapia** provided: a college ID card, two work ID cards, a Texas ID card, and a Social Security card that had been issued on 01/16/2015. **Tapia** renewed the 2015 passport with the assumed identity in 2025. Screenshots of passport photos depicted below (left is from 2015, right is from 2025):



11.    DSS discovered **Tapia** had used another identity, **Victorino Saavedr Martinez**, date of birth 02/27/1968, place of birth Mexico.

12.    As early as 2000, before **Tapia** obtained identifying documents with Individual A's information, he applied for and received a Texas ID card and a Texas driver's license utilizing the name **Victorino Saavedr Martinez**. In the application, **Tapia** checked "no" for the boxes asking if he was a U.S. citizen and if he wanted to register to vote. Photos from **Tapia's** Texas ID and Texas DL appear consistent with photos from the Texas ID and Texas DL attained with Individual A's identity. Screenshots of **Tapia's** Texas ID (left) and Texas DL (right) depicted below:



13.    Individual A made two police reports in 2022. Frisco Police Department ("PD") arrested **Tapia**, who Frisco PD only knew by his assumed identity. Subsequent to their investigation and later arrest, Frisco PD fingerprinted **Tapia**. In Frisco PD's incident report, it mentioned the subject had a real birth certificate and a real social

7

security card. The subject admitted to Frisco PD that he was born in Mexico. The birth certificate, believed to be the same one shown to DPS, listed his place of birth to be Chicago, Cook County, Illinois.

14.    Due to **Tapia** registering to vote with Individual A's identity, open sources were checked to verify if he ever voted with the assumed identity. Through open source, voter records were obtained for Individual A in Tarrant County. It appeared that **Tapia** voted in Tarrant County on 11/05/2024 utilizing Individual A's identity.

15.    On February 10, 2026, agents with FBI and IRS interviewed Individual A. Individual A consented to being fingerprinted by agents. Individual A's fingerprints confirmed his identity with his criminal history.

16.    On February 26, 2026, records came back from the Department of Homeland Security ("DHS"). DHS ran **Tapia's** fingerprints that were obtained by Frisco PD. The fingerprints came back to an encounter Border Patrol had with **Eliseo Morales-Tapia**. DHS stated **Tapia** was arrested by Border Patrol on 07/17/1997 in Del Rio, Texas and returned to Mexico. Border Patrol listed **Tapia's** date of birth as 02/28/1968. Screenshot depicted below:



EID Subject ID:
Event Number:
Last Name:      MORALES-TAPIA
First Name:     ELISEO
Middle Name:
DOB:            02/28/68
Citizenship:

8

17.    A fingerprint examination and comparison were done by Richardson PD. Richardson PD determined the left thumb print from the Frisco PD arrest originated from the same source as the left thumb print associated with the Texas DPS driver license information bearing the names Victorino Saavedr Martinez and Individual A. It was also found that the left thumb print from Frisco PD did not originate from the same source as the left thumb print taken from Individual A.

## CONCLUSION

18.    Based on the facts set forth above, there is probable cause to believe that in the Fort Worth Division of the Northern District of Texas, **Eliseo Morales-Tapia, also known as Victorino Saavedr Martinez,** engaged in aggravated identity theft, made false claims that he was a U.S. citizen to register to vote and voted, and gave false statements in the application and use of a U.S. passport in violation of 18 U.S.C. § 1028(a), 18 U.S.C. § 1015(f), and 18 U.S.C. § 1542, and I respectfully request that this Court issue a Complaint and Arrest Warrant for these offenses.

Respectfully submitted,

Katlyn Stinson, Special Agent
Federal Bureau of Investigation

SWORN AND SUBSCRIBED before me this 20th day of March, 2026, at 10:54 a.m./p.m. in Fort Worth, Texas.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

9