CTJ-P

MAY 21 2026 PM 12:18
FILED-USDC-NDTX-FW



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.

Case No. 4:26-cr-00099-P

ELISEO MORALES-TAPIA
a/k/a "Victorino Saavedr-Martinez"

## SUPERSEDING INFORMATION

The United States Attorney charges:

### Introduction

1.      Defendant **Eliseo Morales-Tapia** is a national of Mexico with no legal status in the United States.   Between around 2000 and 2008, **Morales-Tapia** used the identity Victorino Saavedr-Martinez and resided in Texas.

2.      Beginning in around 2008, **Morales-Tapia** took on the identity of an American citizen, herein referred to as "Individual A," without Individual A's permission.   **Morales-Tapia** continued to live in Texas.

3.      Using Individual A's identity, **Morales-Tapia** obtained employment in Texas.   **Morales-Tapia** earned over $60,000 in income annually in each of 2023, 2024, and 2025 using Individual A's identity.

4.      **Morales-Tapia** also obtained tax refunds to which Individual A was entitled.

**Superseding Information – Page 1**

5.      On April 4, 2014, **Morales-Tapias**, claiming to be Individual A and using Individual A's social security number and date of birth, registered to vote when he applied for a Texas driver license, by checking the boxes indicating he was a United States citizen and that, as a United States citizen, he wanted to register to vote.

6.      On or about November 5, 2024, **Morales-Tapia**, using the identity of Individual A, voted in the general and special elections held in Tarrant County.   The 2024 general election included an election for the offices of President and Vice President of the United States.

7.      On or about October 3, 2025, **Morales-Tapias**, claiming to be Individual A and using Individual A's social security number and date of birth, registered to vote again when applying for a Texas driver license.   He again checked the boxes indicating he was a United States citizen and that, as a United States citizen, he wanted to register to vote.

8.      On or about November 30, 2015, **Morales-Tapias**, claiming to be Individual A and using Individual A's social security number and date of birth, submitted an Application for a U.S. Passport using a form DS-11 to the U.S. Department of State. **Morales-Tapia** affirmed under penalty of perjury that (1) he was a citizen or non-citizen national of the United States, (2) the statements made in the application were true and correct, (3) that he did not knowingly or willfully make false statements or include false documents in support of the application, and (4) that he had read the warning stating that it is a criminal offense to include knowingly and willfully false statements in support of the application.

**Superseding Information – Page 2**

9.     On January 25, 2025, **Morales-Tapia**, claiming to be Individual A and using Individual A's social security number and date of birth, submitted a U.S. Passport Renewal Application using form DS-82 to the U.S. Department of State. **Morales-Tapia** again affirmed under penalty of perjury that (1) he was a citizen or non-citizen national of the United States, (2) the statements made in the application were true and correct, (3) that he did not knowingly or willfully make false statements or include false documents in support of the application, and (4) that he had read the warning stating that it is a criminal offense to include knowingly and willfully false statements in support of the application.

10.     Paragraphs 1 through 9 are incorporated in each Count of this Superseding Information.

*[Remainder of page intentionally left blank]*

**Superseding Information – Page 3**

Count One
Aggravated Identity Theft
[Violation of 18 U.S.C. § 1028A(a)(1)]

On or about January 25, 2025, within the Fort Worth Division of the Northern District of Texas, the defendant, **Eliseo Morales-Tapia**, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c)—that is, False Statement in Application and Use of Passport, in violation of 18 U.S.C. § 1542—did knowingly transfer, possess, and use without lawful authority a means of identification of another person, knowing that the means of identification belonged to another actual person.

In violation of 18 U.S.C. § 1028A(a)(1).

**Superseding Information – Page 1**

Count Two
Voting by an Alien in a Federal Election
[Violation of 18 U.S.C. § 611]

On or about November 5, 2024, within the Fort Worth Division of the Northern District of Texas, the defendant, **Eliseo Morales-Tapia**, an alien, knowing that he was not a United States citizen, voted in an election held solely or in part for the purpose of electing a candidate for the office of President, Vice President, Presidential Elector, Member of the Senate, or Member of the House of Representatives.

In violation of 18 U.S.C. § 611.

**Superseding Information – Page 2**

## Count Three
### False Statements of Citizenship in Order to Register to Vote
[(Violation of 18 U.S.C. § 1015(f)]

On or about October 3, 2025, within the Fort Worth Division of the Northern District of Texas, the defendant, **Eliseo Morales-Tapia**, an alien, knowing that he was not a United States citizen, knowingly made a false statement or claim that he was a citizen of the United States in order to register to vote in a Federal, State, or Local election.

In violation of 18 U.S.C. § 1015(f).

**Superseding Information – Page 3**

Count Four
Identity Theft
[Violation of 18 U.S.C. § 1028(a)(7) and (b)(1)(D)]

Beginning in 2008 and continuing until March 25, 2026, within the Northern District of Texas, the defendant, **Eliseo Morales-Tapia**, did knowingly transfer, possess, and use without lawful authority a means of identification of another person, to wit: name, date of birth, and social security number belonging to Individual A, knowing that the means of identification belong to an actual person, with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a felony under state law, namely identity theft, Texas Penal Code § 32.51, in and affecting interstate commerce, and as a result of the offense, the defendant obtained anything of value aggregating $1,000 or more during a one-year period.

In violation of 18 U.S.C. § 1028(a)(7) and (b)(1)(D).

**Superseding Information – Page 4**

<u>Forfeiture Notice</u>
[18 U.S.C. § 982(a)(2)(B); 18 U.S.C. § 1028(b)]

Pursuant to 18 U.S.C. § 982(a)(2)(B) and 18 U.S.C. § 1028(b), upon conviction of any of the offenses alleged in Counts One or Four, the defendant, **Eliseo Morales-Tapia**, shall forfeit to the United States any property constituting, or derived from, proceeds the defendant obtained directly or indirectly as the result of the offense as well as any personal property used or intended to be used to commit the offense.

The above-referenced property subject to forfeiture includes, but is not limited to, a "money judgment" in the amount of U.S. currency constituting the gross proceeds traceable to the offense.

Pursuant to 21 U.S.C. § 853(p), if any of the property described above, as a result of any act or omission of the defendant:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty,

the United States intends to seek forfeiture of any other substitute property of the defendant up to the value of the forfeitable property described above.

**Superseding Information – Page 5**

RYAN RAYBOULD
UNITED STATES ATTORNEY

Matthew Capoccia
Assistant United States Attorney
Texas State Bar No. 24121526
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone: (817) 252-5200
Fax: (817) 252-5455
Email: matthew.capoccia@usdoj.gov

**Superseding Information – Page 6**