# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS
Fort Worth Division

UNITED STATES OF AMERICA

v.

ELISEO MORALES-TAPIA

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 4:26-CR-00099-P(01)
U.S. Marshal's No.: 50664-512
Matthew Capoccia, Assistant U.S. Attorney
Eduardo Carranza, Attorney for the Defendant

On May 27, 2026 the defendant, ELISEO MORALES-TAPIA, entered a plea of guilty as to Counts One, Two, Three, and Four of the Superseding Information filed on May 21, 2026. Accordingly, the defendant is adjudged guilty of such Counts, which involves the following offense:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1028A(a)(1) | Aggravated Identity Theft | 01/25/2025 | One |
| 18 U.S.C. § 611 | Voting by an Alien in a Federal Election | 11/05/2024 | Two |
| 18 U.S.C. § 1015(f) | False Statements of Citizenship in Order to Register to Vote | 10/03/2025 | Three |
| 18 U.S.C. § 1028(a)(7) and (b)(1)(D) | Identity Theft | 03/25/2026 | Four |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission pursuant to Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $100 as to Counts One, Three, and Four, and $25 as to Count Two, for a **TOTAL** of **$325**.

Upon motion of the government, all remaining counts are dismissed as to this defendant only.

The defendant shall notify the United States Attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed September 10, 2026.

Mark T. Pittman

MARK T. PITTMAN
U.S. DISTRICT JUDGE

Signed September 24, 2026.

## IMPRISONMENT

The defendant, ELISEO MORALES-TAPIA, is hereby committed to the custody of the Federal Bureau of Prisons (BOP) to be imprisoned for a term of TWELVE (12) MONTHS as to Counts Two through Four of the Superseding Information filed on May 21, 2026, to run CONCURRENTLY with each other, and TWENTY-FOUR (24) MONTHS as to Count One of the Superseding Information filed on May 21, 2026, to run **CONSECUTIVELY** with all other counts, for a **TOTAL** sentence of **THIRTY-SIX (36) MONTHS**.

The Court recommends to the BOP that the defendant be incarcerated at a facility as close to the Dallas, Fort Worth, TX area as possible.

The defendant is remanded to the custody of the United States Marshal.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of ONE (1) YEAR as to Counts One and Two of the Superseding Information filed on May 21, 2026, and THREE (3) YEARS as to Counts Three and Four of the Superseding Information filed on May 21, 2026, to run **CONCURRENTLY**, for a **TOTAL** of **THREE (3) YEARS**.

As a condition of supervised release, upon the completion of the sentence of imprisonment, the defendant shall be surrendered to a duly-authorized immigration official for deportation in accordance with the established procedures provided by the Immigration and Nationality Act, 8 USC § 1101 et seq. As a further condition of supervised release, if ordered deported or removed, the defendant shall remain outside the United States.

In the event the defendant is not deported immediately upon release from imprisonment, or should the defendant ever be within the United States during any portion of the term of supervised release, the defendant shall also comply with the standard conditions contained in the Judgment and shall comply with the mandatory and special conditions stated herein:

1) The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame;

2) After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed;

3) The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer;

4) The defendant shall answer truthfully the questions asked by the probation officer;

5) The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people

the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change;

6) The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that he or she observed in plain view;

7) The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation excuses the defendant from doing so. If the defendant does not have full-time employment, he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her employment (such as the position or the job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change;

8) The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer;

9) If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours;

10) The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed , or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers);

11) The defendant shall not act or make an agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court;

12) If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk; and,

13) The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

In addition the defendant shall:

not commit another federal, state, or local crime;

not possess illegal controlled substances;

not possess a firearm, destructive device, or other dangerous weapon;

cooperate in the collection of DNA as directed by the U.S. probation officer;

refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court;

pay the assessment imposed in accordance with 18 U.S.C. § 3013;

not possess any forms of identification in any name other than his true and legal name, Eliseo Morales-Tapia, showing a date of birth of February 28, 1968. He shall not possess, handle, or distribute any identification, credit cards, bank checks, or other financial instruments in any name other than his true name, Eliseo Morales-Tapia; and,

not illegally reenter the United States if deported or allowed voluntary departure.

**FINE/RESTITUTION**

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

Restitution is not ordered because there is no victim other than society at large.

**RETURN**

I have executed this judgment as follows:

______________________________________________________

______________________________________________________

Defendant delivered on ____________________ to __________________________________

at _____________________________________________, with a certified copy of this judgment.

__________________________________________
United States Marshal

BY _______________________________________
Deputy Marshal